UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GILLIAN WICKERSHAM,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF MONTEREY,<br><br>Defendant. | Case No. 20-cv-07917-BLF (VKD)<br><br>**ORDER RE FEBRUARY 28, 2023 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 41 |

    Plaintiff Gillian Wickersham and defendant County of Monterey ask the Court to resolve their dispute concerning the County's deposition of Ms. Wickersham. Dkt. No. 41. Apparently, after many weeks of unsuccessful negotiation with plaintiff's counsel regarding the location, timing, and manner of deposition, the County unilaterally noticed Ms. Wickersham's deposition to occur in person in Monterey, California on March 1, 2023. Ms. Wickersham seeks a protective order that would allow her to avoid appearing for an in-person deposition in Monterey on that date. The parties did not file a joint discovery dispute letter concerning this matter until the afternoon of February 28, 2023, the day before the date set for the deposition.

    The principal points of contention are whether Ms. Wickersham, who now lives in Oregon, should be required to appear for her deposition (a) in person, and (b) in Monterey.

    The County is correct that the examining party may set the place for the deposition of another party, and that, ordinarily, a plaintiff must make herself available in person for deposition in the district in which she filed the action. Fed. R. Civ. P. 30(a); *see also* 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2112 (3d ed. April 2022 update) (collecting cases). This general rule is subject to the Court's authority to issue a protective order

1   under Rule 26(c) designating a different place for the deposition or specifying a different mode of
2   taking testimony. *See* Fed. R. Civ. P. 26(c)(1)(B).

3   The County noticed Ms. Wickersham's deposition to take place in person in Monterey.[1]
4   Ms. Wickersham argues that travelling from Oregon to Monterey, whether by car or airplane,
5   would be costly, inconvenient, potentially dangerous (due to inclement weather), and burdensome,
6   given that she would have to arrange for childcare and take time off of work, and that she should
7   therefore be permitted to testify by remote means. *See* Dkt. No. 41 at 2, 3. Ms. Wickersham's
8   arguments are not particularly compelling. Ms. Wickersham reasonably can be expected to travel
9   from wherever she resides in Oregon (she does not identify her city of residence) to the Northern
10  District of California by airplane; she does not explain why she "must" drive, nor does she
11  contend that weather conditions make it impossible to travel by airplane. Equally unpersuasive
12  are Ms. Wickersham's arguments about the expense and inconvenience of travel to this district, all
13  of which are made at a high level of generality without any specific information that would allow
14  the Court to assess whether an in-person deposition in this district truly poses a hardship rather
15  that an inconvenience of the kind usually associated with being a party to litigation. While it
16  would undoubtedly be more convenient for Ms. Wickersham to testify remotely, the Court credits
17  the County's explanation for why it wishes to obtain her deposition in person. *See* Dkt. No. 41 at
18  5. She is the plaintiff and her testimony is likely to be of central importance in the case. Ms.
19  Wickersham must appear for her deposition in person in this district.

20  Nevertheless, the County can and should be more accommodating regarding the location of
21  the deposition. This case is now venued in San Jose, following removal by the County from the
22  superior court in Monterey to federal court. Travel from Oregon to San Jose, a metropolitan area
23  with a major airport, likely is more convenient than travel from Oregon to Monterey. Unless the
24  parties agree otherwise, Ms. Wickersham's deposition should occur in San Jose.

25  The parties delayed bringing their dispute to the Court's attention until two weeks before
26  the close of fact discovery. Now, Ms. Wickersham says she has limited availability due to her

---

[1] The parties did not attach the deposition notice to their joint submission.

obligations to appear in court as an attorney on behalf of her own clients in Oregon.  *See* Dkt. No. 41 at 2-3.  She says she is not available for an in-person deposition in this district until March 21, 2023 at the earliest—one week after the current deadline for completion of fact discovery.  *Id.* at 3.  The County is unwilling to agree to a deposition after the fact discovery cutoff if that deposition would be considered improper.  *Id.* at 6.  This difficulty can be addressed with a slight modification of the discovery cutoff to allow the County to take Ms. Wickersham's deposition only, without impacting the upcoming dispositive motion hearing date before Judge Freeman or any of the dates that follow.

Accordingly, the Court orders as follows:  Ms. Wickersham must appear for her deposition in person in this district on a date no later than March 31, 2023.  The deposition will take place at a location selected by the County in the city of San Jose, unless the parties mutually agree to a different location.  To facilitate the scheduling of the deposition, by noon on March 3, 2023, Ms. Wickersham shall advise the County of at least three days during the month of March on which she is available for deposition in person in San Jose.  The County may select a date from those available dates for the deposition.  The Court encourages the parties to cooperate in the scheduling and completion of Ms. Wickersham's deposition without further delay.  Once they have selected a date for the deposition, the parties shall file a stipulated request and proposed order for a modification to the case schedule to accommodate this deposition.

**IT IS SO ORDERED.**

Dated: March 1, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge